UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVEN JEROME BUTLER,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO COUNTY<br>SHERIFF'S DEPT FACILITY<br>ADMINISTRATOR MEDICAL<br>DIRECTOR; et al.,<br><br>    Defendants.              / | No. C 09-4588 SI (pr)<br><br>**ORDER OF DISMISSAL WITH<br>LEAVE TO AMEND** |

## INTRODUCTION

Keven Jerome Butler, an inmate at the San Francisco County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Butler alleges the following in his complaint about conditions at the San Francisco County Jail, where he has been housed since his arrest on February 15, 2009: Before his arrest, he had taken oxycontin for two years for spinal problems. Following his arrest, he provided his medical information to "classification." Complaint, p. 3. Some unidentified person at the jail put him on another drug that he "already had used and found ineffective. It took a month for [him] to see someone who could change [his] medication." Id. Mr. Poe did nothing to monitor his situation and "created a very unsafe place" for him and he was attacked. He also repeatedly

was denied access to a law library. He also had problems receiving satisfactory responses to his grievances.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint does not state a claim upon which relief can be granted against any defendant. Butler must file an amended complaint to correct the following deficiencies.

First, Butler has not alleged the necessary mental state for any defendant Butler wants to hold liable on his medical care claim. When an inmate alleges that his medical care has been constitutionally inadequate, he must allege two things to state a claim: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).[1]  Butler has not alleged that any defendant was aware that the drug provided to him was ineffective for him and nonetheless

---

[1] Butler's claims about conditions of confinement arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause because he was a pretrial detainee. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

2

1   insisted that he take that drug instead of oxycontin.  He has not alleged that anyone acted with
2   the requisite deliberate indifference.  Mere negligence in medical care is insufficient to violate
3   the Eighth or Fourteenth Amendment rights of an inmate.  See Toguchi v. Chung, 391 F.3d
4   1051, 1060-61 (9th Cir. 2004).

    Second, Butler has not linked any defendant to his medical care claim.  He named the facility administrator/medical director as a defendant, but did not allege that the person participated in the medical decisions with regard to Butler.  The facility administrator/medical director may have been listed because her or she was in charge of the medical care services at the jail, but that would be improper.  There is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.  Liability under Section 1983 arises only upon a showing of personal participation by the defendant.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  In his amended complaint, Butler must link one or more defendants to his medical care claim by identifying the person(s) who caused him to be given a drug other than oxycontin, and/or caused the delay he experienced before seeing someone who would change his pain medication.[2]

    Third, the complaint does not state a claim for relief against any defendant for denial of access to the courts based on the law library restrictions because the complaint does not allege an actual injury.  A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or

---

[2]It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff.  Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names.  Plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court in an amendment to his pleading that explains what each such person did or failed to do that caused a violation of his constitutional rights.  The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants.

1 conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a
2 prisoner whose complaint was dismissed for failure to satisfy some technical requirement which,
3 because of deficiencies in the prison's legal assistance facilities, he could not have known; and
4 a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention
5 of the court, but was so stymied by the inadequacies of the prison's services that he was unable
6 even to file a complaint. See id. at 351.  In his amended complaint, Butler may attempt to plead
7 a denial of access to the courts claim, but is cautioned that he must identify the deficiency in the
8 legal program and allege an actual injury to state a claim for relief.  He also needs to link one
9 or more defendants to this claim by alleging what each person did or failed to do that caused a
10 denial of his right of access to the courts.

11     Fourth, his allegations that the administrative appeals were not properly handled do not
12 state a claim upon which relief may be granted.  There is no constitutional right to a prison or
13 jail  administrative appeal or grievance system in California. See Ramirez v. Galaza, 334 F.3d
14 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v.
15 Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Cal. Code Regs. tit. 15, §§ 3084.1, 3084.1(d).
16 Butler had no federal constitutional right to a properly functioning appeal system.  An incorrect
17 decision on an administrative appeal or failure to handle it in a particular way therefore did not
18 amount to a violation of his right to due process.

19     Fifth, the complaint contains some allegations about a safety concern, but there is not
20 nearly enough information for the court to evaluate whether a claim has been stated. Butler must
21 attempt in his amended complaint to allege his claim more coherently.  It is unclear from his
22 complaint what defendant Mr. Poe did, e.g., whether he "did nothing" with regard to Butler's
23 medical problem or with regard to his physical safety or something else. See Complaint, p. 3.
24 In his amended complaint, Butler should allege each claim separately and should clearly describe
25 what each defendant did or failed to do that caused a violation of his constitutional rights. If he
26 wants to complain that someone failed to protect him, he needs to identify the wrongdoer, and
27 state facts showing that the wrongdoer knew of a risk of harm to him and failed to protect him
28 from that harm.

4

Sixth, Butler is cautioned that he should only include properly joined defendants in his amended complaint. Federal Rule of Civil Procedure 20(a)(2) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Claims regarding the safety, inmate appeals and law library access problems should be pursued in a separate civil rights complaint if the claims are directed at defendants different from the defendants in the medical care claim.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **June 11, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: May 12, 2010

_____
SUSAN ILLSTON
United States District Judge